JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3510 PA (Ex) | Date | April 17, 2020 |
|---|---|---|---|
| Title | Prakash Patel, et al. v. Bharat Patel, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on April 15, 2020 by defendants Bharat and Dinesh Patel ("Defendants"). Defendants asserts that this Court has jurisdiction over the action brought against them by plaintiffs Prakash and Hardika Patel ("Plaintiffs") on the basis of diversity jurisdiction. See 28 U.S.C. §§ 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

In an effort to establish complete diversity of citizenship, the Notice of Removal asserts that defendant Bharat Patel "resides in the City of Norfolk, State of Virginia" and that defendant

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 2-3519 PA (Ex) | Date | April 17, 2020 |
|---|---|---|---|
| Title | Prakash Patel, et al. v. Bharat Patel, et al. | | |

Dinesh Patel "resides in the City of Tyrone, State of Georgia." (Notice of Removal ¶¶ 7 & 8.) Because residence is not the same as domicile or citizenship, see Kanter, 265 F.3d 857, the Notice of Removal does not affirmatively identify Defendants' citizenship, nor are the facts alleged sufficient to establish Defendants' citizenship. A defendant is presumed to know the facts surrounding defendant's own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). Defendants' allegations of their residence are therefore insufficient to establish this Court's diversity jurisdiction. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity).

     By failing to adequately allege their own citizenship, the Court cannot determine whether complete diversity of citizenship exists. Therefore, Defendants have not established that this Court has diversity jurisdiction over this action. Accordingly, Defendants have not met their burden to establish this Court's subject matter jurisdiction. The Court remands this action to Los Angeles County Superior Court, Case No. 20STCV10801. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.